[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I.
This case arises as a result of a fall down by the plaintiff in front of premises known as 104 Wildflower Road, East Hartford, Connecticut. The incident occurred on June 8, 1999 at about 9:30 p.m. The plaintiff who was 60 years of age on the date of the occurrence lives at 37 Wildflower Road, East Hartford, Connecticut.
The case was tried to the court on June 10, 2002. Plaintiff presented testimony by Mr. DeLaura who resides at 104 Wildflower Road, East Hartford. He indicated that there were cracks in the sidewalk in front of his driveway since 1982.
Ms. Madrak, testified that she has lived at 37 Wildflower Road, East Hartford since 1967. Thirty-seven Wildflower Road is on the east side of the street. On the day in question, Ms. Madrak went for a walk, first going north about 5-6 blocks, then crossing to the west side of the street. She then went south on the west side of Wildflower Road, to go back to her house which necessitated crossing the street. She stated that she had not taken this route before.
Ms. Madrak indicated that she was on the right side of the sidewalk, that she was walking slowly, looking and checking where she was going. She was wearing sneakers, a jean dress about 3/4 length, long sleeves and was not carrying anything. She only needs glasses for reading, therefore she was not wearing glasses. Ms. Madrak tripped on a crack in the sidewalk when crossing in front of the driveway at 104 Wildflower Road. She could not say how large the crack in the sidewalk was, however, she felt it and estimates it to be about 1 inch wide and described it as "edgy". Photographs showing the location, size and nature of the crack were admitted into evidence.
 II. CT Page 8845
Based on the credible evidence, the court finds that the plaintiff has established by a fair preponderance of the evidence that the Town of East Hartford had at least constructive notice of the specific dangerous and defective condition namely the crack in the sidewalk. Because the condition existed since at least 1982, a reasonable inspection would have led to the discovery of the condition, whereby the defendant could have had sufficient time to remedy the condition or warn of the danger. The defendant failed to remedy the dangerous condition.
Here the defendant may even have had actual notice of the condition, in that in 1996 there was a sidewalk inspection plan rendered, where condition ratings were made. A rating of 50-80 was fair and a rating of 80-100 was good. Wildflower Road had a rating of 80.
The credible evidence also established that the dangerous condition was the sole proximate cause of plaintiffs injuries. The defendant has filed a special defense, claiming that the injuries were caused by plaintiffs own negligence. The defendant has failed to meet its burden of proof on this issue. The court finds that the plaintiff was in the exercise of due care and free from contributory negligence.
 III.
The plaintiff was taken by ambulance to Manchester Hospital. The medical impression noted were "a right knee traumatic effusion" and "multiple abrasions and contusions." Plaintiff treated with Gordon A. Zimmerman, M.D. of Orthopedic Associates of Hartford. She also received physical therapy from Eastern Rehabilitation Network.
The testimony presented indicated that Ms. Madrak was receiving social security disability based on a previous occurrence which involved an injury to her back. This presents a serious question as to the degree of disability claimed by the plaintiff that is due to the accident in question.
In a report dated June 5, 2000, Dr. Zimmerman indicates that Ms. Madrak has sustained a 5% permanent partial impairment of her right knee as a result of the accident on June 9, 1999.
Ms. Madrak's medical treatment was rendered for a period of about 1 year and totaled $4,941.
Based on the evidence presented, the court awards damages as follows: economic damages, $4,941 and non-economic damages, $3,000 for total damages of $7,941. CT Page 8846
 IV.
Judgment shall enter in favor of the plaintiff in accordance with this decision.
 ___________________ Stengel, J.